WATKINS, Judge
(dissenting).
The majority opinion minimizes the strength of the objective evidence obtained by Dr. Guidry as a result of tests. Dr. Guidry had Jaeckle undergo a CT scan, an electromyelogram, and a lumbar myelo-gram, all of which indicated a disc protruding at L-5, which indicated a dural sac, as the majority opinion states, but then overlooks. The results of the tests were not susceptible to alteration by feigning injury which did not exist. Thus, while the trial court correctly stated that there were discrepancies between the records and Jaeck-le’s testimony, the results of the tests, which are independent of a subjective recitation of symptoms of the patient, cannot seriously be questioned. Nor is there sufficient evidence of a cause of injury other than the accident, as the quotation in the majority opinion from the Written Reasons for Judgment of the trial court amply demonstrates.
While Dr. Williams sought to challenge Dr. Guidry’s conclusions Dr. Williams saw Jaeckle only twice. As the majority opinion concedes, the testimony of a treating physician is to be given greater weight than that of a physician who saw the patient only for purposes of litigation. Schouest v. J. Ray McDermott & Co., Inc., 411 So.2d 1042 (La.1982). Thus, the testimony of Dr. Guidry, who saw Jaeckle frequently over a period of several months and treated Jaeckle for the injury, should have been considered that of the treating physician and preferred to that of Dr. Williams, if the testimony of each was equally credible, as was the case here.
The trial court did not accord Dr. Gui-dry’s testimony the weight to which it was entitled because it found that since Jaeckle did not see Dr. Guidry during the three month period when he was in New York, that Dr. Guidry was no longer to be considered the treating physician. The record clearly demonstrates that Dr. Guidry did in fact medically administer to the plaintiff for the alleged injury, and that plaintiff had not engaged any other physician to treat him. It follows, therefore, that Dr. Guidry was the treating physician, and that the trial court was in error in finding that he was not. Had the trial court found that Dr. Guidry was the treating physician, in my opinion it would have awarded benefits to plaintiff.
Furthermore, testimony of both physicians was limited to deposition, by stipulation of counsel. When the trial court relies upon depositions, the rules of Canter v. Koehring Company, 283 So.2d 716 (La.1973), and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) do not apply, because the trial court is unable to observe the demeanor of the witness and the trial court is in no better position to assess credibility than the appellate court. In such a case, the appellate court must determine the sufficiency and the preponderance of the evidence. Gould v. State, through La. Dept. of Correct., 435 So.2d 540 (La.App. 1st Cir.1983); F & S Offshore v. Serv. Mach. & Shipbuilding, 430 So.2d 1167 (La.App. 1st Cir.1983).
It does not appear to me that the majority has demonstrated that the testimony of Dr. Williams should be preferred to the testimony of the treating physician, nor can I concur in the majority’s application of the manifest error rule in a case in which the testimony of the physicians was obtained *19 solely by deposition. I agree with the majority that Jaeckle’s testimony was discredited, but the application of the Workmen’s Compensation statute does not depend in a case of clear objective fact upon the veracity of the claimant on matters that do not bear upon the result.
I respectfully dissent.